*Law Library*

**IN THE SUPERIOR COURT OF GUAM**

SUPERIOR COURT OF GUAM

2012 JUL 18 AM 10: 45

THE VANDEVELD LAW OFFICES, P.C., )
)
          Plaintiff, )
)
   vs. )
)
CYFRED, LTD., )
)
          Defendant. )
)

**CIVIL CASE NO. CV1603-09**

**DETERMINATION RE
DISQUALIFICATION QUESTION
PER 7 GCA § 6107**

This matter was temporarily assigned to this Court by the Presiding Judge of the Superior Court of Guam in response to the *Intervention Defendants' Written Statement of Objection to the Competency of the Hon. Elizabeth Barrett-Anderson; Verification*, filed June 6, 2012 by putative Intervenor-Defendants Martin, Anis, Yanfag, K. Sananap and I. Sananap (hereinafter "*Objection*"). Pursuant to 7 GCA § 6107, this Court issues the following determination upon the question of whether Superior Court Judge Elizabeth Barrett-Anderson should be disqualified from presiding over the above-captioned case.

## BACKGROUND

On May 30, 2012, the parties appeared before Judge Barrett-Anderson for a motions and status hearing, wherein Judge Barrett-Anderson disclosed facts regarding her familial relationship to certain potential or actual parties or witnesses, and invited the parties and interested parties present to declare whether the Court should be disqualified from hearing the case. At the hearing, attorney for Plaintiff waived any potential or actual disqualification of the judge, while attorney for putative Intervenor-Defendants stated his objection to Judge Barrett-Anderson sitting on the case. As indicated above, putative Intervenor-Defendants filed their written objection on June 6, 2012, and Judge Barrett-Anderson filed Her Honor's *Response to Objection to Competency of Judge* on June 8, 2012 (hereinafter "*Response*").

Page 1

ORIGINAL

Putative Intervenor-Defendants state they object because Judge Barrett-Anderson has a close personal relative in Mr. Jesse Anderson Lujan and a close personal relative in Ms. Geraldine Mendiola, citing 7 GCA § 6105(b)(1) as governing authority. *Objection*, p.2, lns. 1-4. Also, putative Intervenor-Defendants note the Judge previously disqualified Her Honor in Superior Court of Guam Civil Case No. CV1448-02 because she held a bias in favor of Ms. Geraldine Mendiola. *Id.*, at lns.5-7. In Her Honor's *Response* to the *Objection*, the Judge does not dispute having a familial relationship to both individuals; however Her Honor states therein: "This Court is not bias[ed] in favor or against any of the parties herein based on its familial relationships or personal friendships with the names persons ...." *Response*, pp.1-2, lns.27-28 & 1.

## DISCUSSION

This Court is guided by 7 GCA § 6105 is formulating its determination. That statute holds in pertinent part:

(a) Any Judge shall disqualify himself or herself in any proceeding in which his or her impartiality might reasonably be questioned, ...

(b) A Judge shall also disqualify himself or herself in the following circumstances ...:

    (1) Where he or she has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

    ...

    (5) Where he or she or his or her spouse, or a person within the third degree of relationship to either of them, or the spouse of such person:

        (i) is a party to the proceeding, or an officer, director, or trustee of a party;

        (ii) is acting as a lawyer in the proceeding;

        (iii) is known by the Judge to have an interest that could be substantially affected by the outcome of the proceeding;

ORIGINAL

(iv) is to the Judge's knowledge likely to be a material witness in the proceeding.

*7 GCA § 6105* (June 18, 2012).

Applying the above law to the objections and the Judge's disclosures, this Court must analyze the following factors: (1) whether Judge Barrett-Anderson's impartiality might reasonably be questioned; (2) whether Her Honor has a personal bias or prejudice concerning a party; (3) whether Mr. Lujan or Ms. Mendiola is a party to the proceeding, or an officer, director, or trustee of Cyfred, Ltd. (assuming "close personal relative" is within the third degree of relationship to Judge Barrett-Anderson or Her Honor's spouse); (4) whether Mr. Lujan or Ms. Mendiola is known to Her Honor to have an interest that could be substantially affected by the outcome of the proceeding; and (5) whether Mr. Lujan or Ms. Mendiola is likely to be a material witness in the proceeding. Any one of these factors answered in the affirmative would disqualify Judge Barrett-Anderson.

As to factor (2), and as indicated above, Her Honor stated unequivocally in her *Response* that Her Honor is not personally biased for or against any of the parties to this action.

Concerning factor (3), neither Mr. Lujan nor Ms. Mendiola are captioned as parties to the litigation. Further, putative Intervenor-Defendants failed to allege that either Mr. Lujan or Ms. Mendiola is currently an officer, director or trustee of Cyfred, Ltd. Indeed, putative Intervenor-Defendants imply such is not the case by referring to Mr. Lujan as "Cyfred's *former* Senior Vice-President" and Ms. Mendiola as "the *then* President of Cyfred, Ltd.". *Objection*, p.2, lns.20 & 7, respectively (emphasis added). Putative Intervenor-Defendants' own references to the named individuals indicate they are no longer officers of Cyfred, Ltd. If they held some other officer position, or a director or trustee position, with the company, it was incumbent upon putative Intervenor-Defendants to carry their burden of proof to that extent as movants.

Referring to factor (4), putative Intervenor-Defendants fail to allege that either Mr. Lujan or Ms. Mendiola have any interest which could be substantially affected by the outcome of the litigation and that such affected interest is specifically known to Judge Barrett-Anderson. Incidentally, if Mr. Lujan and Ms. Mendiola are no longer officers of Cyfred, Ltd., then they

ORIGINAL

lack any such interest in that respect. Nevertheless, putative Intervenor-Defendants do refer to a related Superior Court of Guam Civil Case No. CV0706-11, in which Mr. Lujan is the trustee, and Ms. Mendiola the settlor, of named party defendant Guam Investment Trust ("GIT"). The Court notes that Mr. Lujan is also an individually named defendant in that case. Putative Intervenor-Defendants argue their intervention in the present case will substantially affect those individuals' interests in CV0706-11. Specifically, they allege that upon intervention in the instant case they will move to stay this case until they can prevail as plaintiffs in CV0706-11 to cause assets to be returned from GIT to Cyfred, Ltd., so as to prevent the Plaintiff in the present case from collecting upon its allegedly owed debt from Cyfred, Ltd. Unfortunately, putative Intervenor-Defendants fail to allege, much less prove, that there is a limited amount of assets owned by Cyfred, Ltd. which would prevent Plaintiffs in both cases from simultaneously executing on both their potential judgments to their mutual satisfaction. Furthermore, putative Intervenor-Defendants describe such a long chain of contingent events to reach the potential effect upon the individuals' interests that is far too attenuated to justify disqualification here. First, putative Intervenor-Defendants would have to prevail upon their intervention motion in the instant case. Second, they must prevail upon a subsequent motion to stay the present case. Third, they would have to fully litigate Civil Case No. CV0706-11 and then successfully obtain a judgment in their favor. Only if and after putative Intervenor-Defendants prevail on all three counts would the named individuals' interests ever be affected. Again, even then it would not matter since putative Intervenor-Defendants fail to allege or show that, if the Plaintiff in the case at bar obtains judgment in its favor, they would necessarily be prevented from collecting upon a potential judgment in their favor in Civil Case No. CV0706-11.

Turning to factor (5), it is highly unlikely that Mr. Lujan or Ms. Mendiola would be a material witness in this proceeding. Putative Intervenor-Defendants argue they would have to prove the merits of their claims in Civil Case No. CV0706-11 to the Court in the present case in order to prevail on a motion to stay the present case. *Objection*, p.3, lns.14-24. In so doing, putative Intervenor-Defendants imply they would need to call Mr. Lujan and/or Ms. Mendiola as witnesses before Judge Barrett-Anderson. However, putative Intervenor-Defendants

ORIGINAL

misapprehend their burden necessary for a motion to stay. In the decision to stay a case, a court must weigh the competing interests of: 1) the possible damage from granting a stay; 2) the hardship or inequity that would result from denying a stay; and 3) the simplification or complication of issues, proof and legal questions that would result from a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962); *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005). Nowhere in the test enumerated above would it be necessary for putative Intervenor-Defendants to prove the merits of their case in CV0706-11. Unlike for an injunction, it is not necessary for putative Intervenor-Defendants to prove the likelihood of their prevailing on the merits in the other case in order to obtain a stay in the present case. They would merely need to frame the hypothetical argument to the Court to show their hardship if stay were denied, not prove their entire case in chief. Thus it would not be necessary to call Mr. Lujan or Ms. Mendiola as witnesses for that purpose and they are not material to the merits of the present case either.

Finally as to factor (1), in light of the above analysis, Judge Barrett-Anderson's impartiality could not reasonably be questioned.

## CONCLUSION

Therefore, based upon the foregoing, the Court finds and determines there are insufficient grounds by which to disqualify Judge Elizabeth Barrett-Anderson from presiding over the above-captioned case per 7 GCA § 6105.

**ISSUED this** $\underline{18TH}$ **day of July, 2012.**

**HONORABLE JAMES L. CANTO II**
**Judge Superior Court of Guam**

Is a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam.
Dated at Hagåtña, Guam

JUL 1 8 2012

Ryan T. Balajadia

Page 5

ORIGINAL